UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO DASH | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| CONSUMER PORTFOLIO SERVICES, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Antonio Dash, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Antonio Dash (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Antonio Dash, is an adult natural person residing at 5058 Lozada Ct, Columbia, SC 29206. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Consumer Portfolio Services, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania, with a principal place of business located at 19500 Jamboree Road, Irivine, CA 92612 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. Starting in or around September 2009, Plaintiff and other third parties have experienced a series of harassing and abusive phone calls made by numerous agents of Defendant regarding an alleged debt.

8. Defendant, by and through its agents, places multitudes of phone calls to Plaintiff at both his employer and on his cell phone.

9. During a phone call with a female agent of Defendant in or around September 2009, Plaintiff was told that he "isn't a man because you can't pay your bills."

10. On or around July 15, 2010 a female agent of Defendant called Plaintiff's employer to speak with him and when she was told by a co-worker that Plaintiff cannot receive calls at work, the agent abruptly ended the phone call and then placed upwards of ten phone calls in succession.

11. Plaintiff has told Defendant's agents many times that he cannot receive calls at work, as have his co-workers, but Defendant continues to call without concern for Plaintiff's request.

12. Plaintiff was threatened by an agent of the Defendant that if the debt wasn't paid, someone would be sent to his house to "serve him" and then his wages would be garnished.

13. Since the initial threat, Plaintiff has not had any individual "serve him" at his home.

14. Additionally, Plaintiff has never received a written notice stating his right to be notified of a wage garnishment and an opportunity to be heard, thereby, creating a false sense of urgency that a wage garnishment is imminent.

15. Plaintiff has not received a thirty day validation notice or any other written communication, therefore, Defendant violated 15 USC 1692g.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Consumer Portfolio Services, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: August 3, 2010

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff